IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HAROLD EDWARD RUTILA, IV, §<br>    PLAINTIFF, §<br>V. §<br> §<br> §<br>UNITED STATES DEPARTMENT OF §<br>TRANSPORTATION AND FEDERAL §<br>AVIATION ADMINISTRATION, §<br>    DEFENDANTS. § | CASE NO. 3:16-CV-2911-B-BK<br>CONSOLIDATED CASE NO. 3:16-CV-3433-B-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the district judge's *Standing Order of Reference*, Doc. 50, these consolidated cases were referred to the United States magistrate judge for pretrial management. Pending before the Court are Defendants' *Motion to Dismiss Plaintiff's Third Amended Complaint*, Doc. 39, and *Motion to Dismiss Plaintiff's First Amended Complaint for Injunctive Relief*, Doc. 51. For the reasons that follow, the motions should be **GRANTED** to the extent stated herein.

**I.   BACKGROUND**

These cases result from Plaintiff's Freedom of Information Act ("FOIA") requests served on Department of Transportation ("DOT") and the Federal Aviation Administration ("FAA").

Cause number 3:16-CV-2911-B-BK ("Rutila I") stems from seven FOIA requests. Doc. 35-1 at 4, 8, 12, 18, 21, 24, 26. The FAA responded to Plaintiff's requests, Plaintiff administratively appealed those responses, Doc. 35-2 at 80, 108, 123, 134, 147, 160, and his appeals were adjudicated. Doc. 35-2 at 205-27. By his *Third Amended Complaint for Injunctive*

*Relief*, filed July 2017 in Rutila I, Plaintiff seeks "judicial review of Defendants' administrative appeal responses." Doc. 35-1 at 3.

Cause number 3:16-CV-3433-B-BK ("Rutila II") results from three additional FOIA requests. Dkt. 24-1 at 3, 8, 10. The FAA determined that two of the requests were improper because they were overly broad, sought information that did not exist in the form of records, and sought new records. Dkt. 24-1 at 9, 12. The FAA responded to the third request, and Plaintiff filed an administrative appeal as to all three FOIA requests. Dkt. 24-1 at 6. By his *First Amended Complaint for Injunctive Relief*, filed September 2017 in Rutila II, Plaintiff seeks "judicial review of administrative appeal." Dkt. 24-1 at 13.

Defendants now move under Federal Rule of Civil Procedure 12(b)(1)&(b)(6) to dismiss the *Third Amended Complaint for Injunctive Relief* in part and *First Amended Complaint for Injunctive Relief* in its entirety. Doc. 39, Doc. 51.[1]

## II.     APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In considering a Rule 12(b)(1) motion to dismiss, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the Court's

---

[1] Because both operative complaints are subject to dismissal to the extent requested under Rule 12(b)(1) for lack of jurisdiction, the Court does not reach Defendants' alternative arguments for dismissal under Rule 12(b)(6).

resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).

Subject matter jurisdiction in a FOIA suit "is based upon the plaintiff's showing that an agency has (1) improperly (2) withheld (3) agency records." *Goldgar v. Office of Admin., Exec. Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994) (citing *Kissinger v. Reporters Comm'n for Freedom of the Press*, 445 U.S. 136, 150 (1980)). "Plaintiffs who do not allege any improper withholding of agency records fail to state a claim for which a court has jurisdiction under the FOIA." *Id.*

### III.   RUTILA I

#### A. Parties' Arguments

In Rutila I, Plaintiff complains about Defendants' responses to seven FOIA requests: (1) 9143 – seeking Emails of FAA Academy Officials, (2) 9145 – seeking Madeline Bostic EEO Information, (3) 9149 – seeking FAA Academy SOPs, (4) 9150 – seeking Civil Rights SOPs, (5) 9151 – seeking ADACEL Emails, (6) 9152 – seeking Evaluation Schedules,[2] and (7) 9192 – seeking Evaluation Logs. Doc. 35-1 at 4, 8, 12, 18, 21, 24, 26. Defendants argue that Plaintiff's *Third Amended Complaint for Injunctive Relief* should be dismissed in part because (1) FOIA does not require the FAA to search offices, databases, or other sources of information where Rutila believes such records are located, (2) FOIA does not require the agency to demonstrate the adequacy of the search in its initial response, (3) Plaintiff has not identified in his administrative appeal the grounds for challenging the adequacy of the FAA's initial searches, (4) Plaintiff has failed to plead sufficient facts to explain why the agency's modified searches were inadequate,

---

[2] Plaintiff avers that no "further relief is required for this request, except a future motion or application to tax fees and/or costs." Doc. 44 at 26. Thus, it is deemed abandoned.

and (5) Rutila did not agree to pay the fee estimate with respect to request 9149. Doc. 40 at 13-19.

Plaintiff responds, in relevant part, that (1) he has given Defendants sufficient notice of his claims by virtue of his administrative appeals, (2) "Defendants have not reliably cited any aspect of Plaintiff's Complaint where this Court lacks subject matter jurisdiction," (3) he has "alleged a well-pleaded material fact with respect to FAA's status as a 'component' rather than as an 'agency,'" (4) the "Court has jurisdiction over fee assessment of Request 9149," and (5) he has "stated a claim regarding adequacy of search in his administrative appeals, and thus may bring forth such claims to this Court." Doc. 44 at 10-11, 20-24.

### B. Analysis

The Court liberally construes Plaintiff's filings with all possible deference due to a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even liberally construed, however, Plaintiff fails to invoke the Court's subject matter jurisdiction over the requests that are the subject of Defendants' motion to dismiss.

In his *Third Amended Complaint for Injunctive Relief*, Plaintiff broadly "challenges Defendant's adequacy of search" without alleging that Defendants "improperly withheld" any agency records. *See* Doc. 35 at 5 ("Plaintiff challenges Defendants' adequacy of search."); Doc. 35 at 9 (same); Doc. 35 at 18 ("Plaintiff disputes that AJI does not have responsive records."); Doc. 35 at 20 ("Plaintiff challenges Defendant's adequacy of search.") Doc. 35 at 23 (same); Doc. 35 at 28 (same). Such assertions are vague and fail to allege that the FAA improperly

4

withheld agency records. *Cf. Brodzki v. FBI-Dallas*, No. 3:09-CV-2108-B, 2009 WL 4906877, at *3 (N.D. Tex. Dec. 18, 2009) (Boyle, J.) (finding that the Court lacked jurisdiction because the plaintiff "made no allegation of any *improper* withholding, only that a written request produced no information" (emphasis in original)).  And as such, Plaintiff has mistakenly conflated the "improper withholding" of agency records—which a plaintiff must show to invoke the Court's jurisdiction—with an "adequate search" for such records—which an agency must show to prevail on summary judgment. *Compare Goldgar*, 26 F.3d at 34 ("The plaintiff has the initial burden of establishing that the court has jurisdiction over his claims . . . [and p]laintiffs who do not allege any improper withholding of agency records" cannot establish jurisdiction) (citation omitted)), with *Hildenbrand v. U.S. Dept. of Justice*, No. 3:11-CV-1829-N, 2012 WL 13103204, at *5 (N.D. Tex. Aug. 21, 2012) (Godbey, J.) ("[T]o prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exception to the FOIA.") (internal citation omitted)).

Moreover, to the extent that Plaintiff attempts to incorporate the allegations made in his administrative appeals, *see e.g.*, Doc. 35-1 at 10, his arguments there fail for the same reason. *See* Doc. 35-2 at 80-81 (9143) ("The FAA's response . . . fails to describe what was searched."); Doc. 35-2 at 112, 119 (9145) ("[The FAA] has failed to demonstrate that an adequate and reasonable search has been conducted."); Doc. 35-2 at 129-30 (9149) ("FAA has a duty to demonstrate that an adequate search has been conducted); Doc. 35-2 at 141 (9150) (challenging the FAA's "no records" response as inadequate); Doc. 35-2 at 147 (9151) (challenging the FAA's search because it did not provide details as to whether or how the search was performed); Doc. 35-2 at 160 (9192) (challenging the adequacy of the FAA's "no records" response).

Furthermore, Plaintiff fails to provide support—and the Court is not aware of any—for the proposition that an agency "improperly withholds" agency records when it fails to demonstrate—in response to a requester's initial request during the administrative process—that an adequate search was performed. Indeed, an agency record is "improperly withheld" only where it "does not fall within one of the nine exemptions enumerated in the FOIA." *Patel v. U.S. Dept. of State*, No. 3:10-CV-1166-K, 2011 WL 13290736, at *2 (N.D. Tex. Feb. 18, 2011) (Ramirez, J.) (citing *U.S Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 150-51 (1989)); *see also Bangoura v. U.S. Dept. of Army*, 607 F.Supp. 2d 134, 142 (D.D.C. 2009) ("A district court has jurisdiction to . . . order the production of any records improperly withheld from the requester and review *de novo* the withholding of information pursuant to an exemption." (citing 5 U.S.C. § 552(a)(4)(B))).

In Rutila I, Plaintiff disputes Defendants' assertion of statutory exemptions for only three of his FOIA requests: 9143, 9145, and 9192, and Defendants agree that these three claims should be allowed to proceed. Doc. 35 at 7 (9143) (disputing Exemptions 5, 6 and 7(A)); Doc. 35 at 10 (9145) (disputing Exemptions 6 and 7(c)); Doc. 35 at 28 (9192) (disputing Exemptions 2 and 6),[3] Doc. 40 at 6. As such, the Court lacks subject matter jurisdiction over Plaintiff's four remaining Rutila I claims, and they should be dismissed.

---

[3] Plaintiff originally disputed the FAA's assertion of a statutory exemption for request 9150, *see* Doc 35 at 20, but now pleads that the FAA "agreed that Exemption 2 does not apply" and "released two documents" thereafter. Doc. 35 at 21. That notwithstanding, Plaintiff subsequently disputed only the adequacy of the FAA's search in response to this request, Doc. 35 at 21, which, as previously discussed, is insufficient to invoke the Court's jurisdiction.

### IV. RUTILA II

#### A. Parties' Arguments

In Rutila II, Plaintiff complains of Defendants' responses to three FOIA requests: (1) 0803 – seeking Academy Air Traffic Information, (2) 0862 – seeking Individual Account Records Request, and (3) 1174 – seeking Rick Mitchell Computer File Structure. Dkt. 24-1 at 3-10. Defendants argue that Plaintiff's claims regarding requests 0862 and 1174 should be dismissed because Plaintiff did not submit proper FOIA requests and thus "cannot show that the FAA wrongfully withheld agency records" or that he exhausted his administrative remedies. Doc. 52 at 17-19. Moreover, Defendants contend that Plaintiff's claims related to request 0803 should be dismissed "for lack of subject matter jurisdiction because the FAA did not withhold any records" and "produced all documents responsive" to the request. Doc. 52 at 19-20.

Plaintiff responds that the Court has subject matter jurisdiction because (1) requests 0862 and 1174 were proper, (2) Plaintiff "diligently complied with the FOIA," (3) Defendants' responses to his requests were improper, and (4) "Defendants have never since responded to Plaintiff's administrative appeals of [requests 0862 and 1174.]" Doc. 68 at 9. Furthermore, Plaintiff argues that he has made "additional allegations regarding a 'pattern or practice' of failing to comply with FOIA [which is] also under the Court's jurisdiction." Doc. 68 at 10.

#### B. Analysis

Plaintiff failed to allege that the FAA improperly withheld relevant agency records, and as to all three requests, Plaintiff "continues to challenge Defendant's adequacy of search." *See* Dkt. 24-1 at 7, 9, 12. As discussed *supra*, such assertions fail to allege that the FAA improperly withheld agency records and, thus, fail to invoke the Court's jurisdiction. Moreover, Plaintiff's assertion that Defendants have a practice of failing to comply with the FOIA, Dkt. 24-1 at 5, 8,

7

11, also fails to allege that Defendants improperly withheld agency records. Consequently, Defendants are entitled to the dismissal of all claims raised in Rutila II.

### V.  CONCLUSION

The Court lacks subject matter jurisdiction as to all but three of Plaintiff's FOIA requests: 9143, 9145, and 9192. As such, Defendants' *Motion to Dismiss Plaintiff's Third Amended Complaint*, Doc. 39, and Defendants' *Motion to Dismiss Plaintiff's First Amended Complaint for Injunctive Relief*, Doc. 51, should be **GRANTED** as to all other claims.

**SO RECOMMENDED** on April 24, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).