UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD EDWARD RUTILA, IV, | § | |
| PLAINTIFF, | § | |
| V. | § | CASE NO. 3:16-CV-2911-B-BK |
| | § | CONSOLIDATED CASE NO. 3:16-CV-3433-B- |
| BK | § | |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| TRANSPORTATION AND FEDERAL | § | |
| AVIATION ADMINISTRATION, | § | |
| DEFENDANTS. | § | |

## ORDER ACCEPTING THE FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On April 27, 2020, United States Magistrate Judge Renée Harris Toliver made findings, conclusions and a recommendation in this case.  Doc. 89.  Judge Toliver recommended that Defendants' *Motion for Summary Judgment*, Doc. 80, should be granted.  Doc. 89 at 1.  Plaintiff filed *Objections to Magistrate Report and Recommendation on Defendants Motion for Summary Judgment*, Doc. 90. The Court has made a *de novo* review of those portions of the proposed findings, conclusions and recommendation to which objection was made.  For the reasons that follow, Plaintiff's objections are overruled and the Court accepts the Findings, Conclusions and Recommendation ("FCR") of the United States Magistrate Judge.

### I.

### Plaintiff's Privacy Act Objection

Plaintiff objects to the finding that he waived his Privacy Act claims.  Doc. 90 at 2.  Plaintiff's main argument is that the Court improperly relied on *United States v. Charles*, 469 F.3d 402, 408 (5th

Cir. 2006) for the proposition that "inadequately briefed claims constitute waiver." Doc. 89 at 2; Doc. 90 at 3. He contends that he is "neither a [criminal] defendant nor an intervenor" and therefore *Charles* is not analogous to the present case. Doc. 90 at 3.

Plaintiff's objection is overruled because Judge Toliver's reliance on *Charles* is appropriate, and other courts have cited *Charles* for the same proposition. *See Cooper v. Wells Fargo Bank, N.A.*, No. 4:11–CV–440, 2014 WL 3671204, at *5 n.5 (E.D. Tex. July 22, 2014) (Schell, J.) (granting motion for summary judgment against plaintiffs when they "cited no authority in support of their argument.") (citing *Charles* for the proposition that "[i]nadequatly briefed issues are deemed abandoned."); *see also Johns v. Colvin*, No. 16-162–RLB, 2017 WL 3097161, at *3 (M.D. La. July 20, 2017) (J. Bourgeois) (same).

## II.

### Plaintiff's Adequate Search Objection

Plaintiff next objects to the finding that the FAA conducted an adequate search. Plaintiff's primary argument–which Judge Toliver addressed in her FCR–is that Defendants' affidavits are insufficient because they fail to "explain the scope and method of the search in reasonable detail in a nonconclusory fashion." Doc. 90 at 4 (citing *Gahagan v. United States Citizenship & Immigration Servs.*, 147 F. Supp. 3d 613, 622 (E.D. La. 2015)); *see* Doc. 89 at 4-6 (addressing Plaintiff's argument that Defendants' supporting evidence is insufficient).

Plaintiff's objection is overruled for the same reasons stated in the FCR–he fails to present evidence of bad faith to overcome the "presumption of legitimacy" in favor of Defendants' supporting evidence. *See* Doc. 89 at 3, 5. Plaintiff's reliance on the Ninth Circuit's holding in *Rojas v. FAA*, Doc. 90 at 8, is misplaced because it is not precedential. *See Rojas v. F.A.A.*, 927 F.3d 1046, 1053 (9th Cir. 2019), *rehearing en banc granted*, 948 F.3d 952 (9th Cir. 2020) ("The three-judge panel

disposition in this case shall not be cited as precedent by or to any court of the Ninth Circuit.")). More importantly, Plaintiff's objection is silent regarding the "presumption of legitimacy" in favor of agency evidence when, as here, there is no evidence of bad faith. *See* Doc. 89 at 4-8.

## IV.

### Plaintiff's Exemption 5 Objection

Plaintiff's third objection is that the inter-agency chart does not fall under exemption 5. Doc. 90 at 8. Plaintiff specifically argues that the "FAA has not demonstrated that this column of information is 'inextricably intertwined' with any policymaking process" and the Court should order an *in camera* inspection. Doc. 90 at 9 (citing *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 93 (1973)). Plaintiff similarly argues that the Court should look to the opinions in *Coastal States*, *Hajro*, and *McGrady* for guidance regarding the deliberative process privilege. *See* Doc. 90 at 9-11.

Plaintiff's third objection is overruled. His reliance on *Mink* is misplaced as it has been superseded by statue. *See C.I.A. v. Sims*, 471 U.S. 159, 189 (1985) (noting that Congress disagreed with the ruling in *Mink* and overruled it via legislation). Plaintiff's citations to *Coastal States*, *Hajro*, and *McGrady* are also unpersuasive because he merely cites these holdings but fails to apply them to the facts os this case–that is, to address why the information under exemption 5 is not "pre-decisional (generated before the adoption of an agency policy or action) and deliberative (reflecting the give-and -take of the consultative process)." Doc. 89 at 10 (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980) and its application). *Compare* Doc. 90 at 10 (arguing FAA fails to explain how the information at issue constitutes subjective or personal material); Doc. 90 at 10 (challenging Ms. Goodman's declaration because the FAA never attempted alternative dispute resolution with Plaintiff); Doc. 90 at 11 (conclusively stating data is not protected under exemption 5).

## V.

### Plaintiff's Remaining Objections

Plaintiff's remaining objections are meritless and therefore overruled. Plaintiff's fourth objection that FAA Academy trainees are not private citizens is wholly unsupported and is a non-starter. Doc. 90 at 11. Plaintiff's fifth objection is unpersuasive because it conclusively asserts without basis that Defendants are using exemption 2 to conceal the fact a search was never performed in response to FOIA 9192. Doc. 89 at 12.

## VI.

### Conclusion

For the foregoing reasons, Plaintiff's objections are **OVERRULED** and the Court accepts the *Findings, Conclusions and Recommendation of the United States Magistrate Judge. Defendants' Motion for Summary Judgment*, Doc. 80, is **GRANTED**, and Plaintiff's remaining claims are **DISMISSED**.

**SO ORDERED** this 20th day of May, 2020.

_____

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE